**ALLACCESS LAW GROUP**
Irene Karbelashvili, State Bar Number 232223
irene@allaccesslawgroup.com
Irakli Karbelashvili, State Bar Number 302971
irakli@allaccesslawgroup.com
1400 Coleman Ave Ste F28
Santa Clara, CA 95050
Telephone: (408) 295-0137
Fax: (408) 295-0142

Attorneys for JOHN RODGERS, Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN RODGERS,<br><br>             Plaintiff,<br><br>vs.<br><br>HOYTT ENTERPRISES, INC.; and PARS NATIONAL INCORPORATED, dba STAR RESTAURANT,<br><br>             Defendants. | **Case No.** 22-3754<br><br>*Civil Rights*<br><br>**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES**<br><br>**REQUEST FOR JURY TRIAL** |

JOHN RODGERS ("Plaintiff" or "Mr. Rodgers") hereby complains of defendants HOYTT ENTERPRISES, INC.; and PARS NATIONAL INCORPORATED, dba STAR RESTAURANT ("Defendants") as follows:

**INTRODUCTION**

1. This is a civil rights action involving the lack of disabled access to the building, structure, facility, complex, property, land, development, and/or business complex known as "Star Restaurant" located at or about: 1700 Novato Blvd, Novato, CA 94947 (hereinafter "Star Restaurant").

2. Plaintiff John Rodgers (sometimes "Mr. Rodgers" or "Plaintiff") is a person with physical disabilities that relies on wheelchair for mobility.

3. Defendants' lack of accessible facilities denies "full and equal" access required by Title III of the Americans with Disabilities Act of 1990 and supplementary California civil rights laws. As a result, Plaintiff has been continuously denied full and equal access and/or deterred from visiting Star Restaurant during the two years preceding the filing of this Complaint, has been embarrassed and humiliated, and suffered damages. Plaintiff seeks damages and injunctive relief requiring provision of access under the Americans with Disabilities Act of 1990 ("ADA") and injunctive relief for full and equal access and statutory damages under California law. Plaintiff also seeks declaratory relief and recovery of reasonable statutory attorney fees, litigation expenses and costs under federal and state law.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction of this action pursuant to 28 USC § 1331 for violations of the ADA, 42 USC §§ 12101 *et seq*. Pursuant to supplemental jurisdiction, attendant and related causes of action, arising from the same facts, are also brought under California law, including, but not limited to, violations of Health and Safety Code and the Unruh Civil Rights Act.

5. Venue is proper in this court pursuant to 28 USC § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this District and that Plaintiff's causes of action arose in this District.

6. <u>Intradistrict Assignment</u>: This case should be assigned to the San Francisco/Oakland Division of the Northern District of California, as the real property which is the subject of this action is located in this intradistrict and Plaintiff's causes of action arose in this intradistrict.

**PARTIES**

7. Plaintiff JOHN RODGERS ("Plaintiff") is and at all times relevant herein was, a qualified individual with a physical disability. Plaintiff is a paraplegic due to a severe spinal cord injury suffered in a shooting incident more than twenty-five years ago. Plaintiff is unable to independently stand or walk and requires the use of a wheelchair at all times for mobility. Plaintiff is unable, due to his physical disability, to independently use public facilities that are not designed and/or constructed in compliance with applicable accessibility standards to accommodate disabled persons who require a wheelchair for mobility. Plaintiff possesses a disabled parking placard issued by the State of California. Plaintiff is also a lifetime resident of Richmond, California.

8. Defendants HOYTT ENTERPRISES, INC.; and PARS NATIONAL INCORPORATED, dba STAR RESTAURANT ("Defendants") are the owners, operators, lessors, and/or lessees of Star Restaurant and the business, property, facility, and/or building in/on which Star Restaurant operates. Plaintiff is informed, believes, and alleges that Defendants failed to ensure that the accommodations, goods, services, and opportunities were accessible to Plaintiff and other members of the public who have physical disabilities. Defendants' failure to comply with Federal and State access laws proximately caused the violations and ongoing violations and damages to Plaintiff complained of herein.

**FACTUAL ALLEGATIONS**

9. Defendants have discriminated against Plaintiff because the Star Restaurant's facilities and policies do not comply with the requirements of the ADA, the Unruh Act, and the California Health and Safety Code. Defendants have failed and refused to provide full and equal access to the services, privileges, benefits, and advantages that they provide to nondisabled persons at Star Restaurant.

10. Star Restaurant and its facilities, including but not limited to its entrances/exits, parking, interior paths of travel, transaction counters, and restrooms are each a "public accommodation" and part of a "business establishment," subject to the requirements of multiple categories of § 301(7) of the ADA (42 U.S.C. § 12181(7)), and of California Civil Code §§ 51 *et seq.*

11. On information and belief, Star Restaurant and its facilities have, since January 26, 1993, undergone construction, alterations, structural repairs, and/or additions, subjecting the facility to disabled access requirements of § 303 of the ADA (42 U.S.C. § 12183). Such facilities constructed or altered since 1982 are also subject to "Title 24," the California State Architect's Regulations. Irrespective of Star Restaurant's construction and alteration history, removal of the access barriers at the subject premises are subject to the "readily achievable" barrier removal requirements of Title III of the ADA.

12. Defendants knowingly and intentionally have denied persons with mobility disabilities the full and equal enjoyment of their businesses, services, privileges, advantages, and accommodations—all in violation of the ADA, the Unruh Act, and the California Health and Safety Code. Defendants have engaged in this discriminatory conduct despite the fact that Defendants' services, business practices, contracts, and contractual relationships could easily be brought into compliance with the ADA and related California law, and despite the fact that Defendants have been fully aware that their conduct and business practices was causing harm to persons with mobility disabilities including segregation and exclusion.

13. Mr. Rodgers attempted to dine inside of Star Restaurant on January 24, 2022 and encountered barriers that outright denied his ability to use and enjoy the goods, services, privileges, and accommodations offered at Star Restaurant on a full and equal basis with patrons without physical disabilities.

14. On January 24, 2022, Mr. Rodgers was in the area to shop at Old Navy when he decided to grab lunch at Star Restaurant. Upon arriving at Star Restaurant, however, it became clear to Mr. Rodgers that he had no means of safely entering inside of the restaurant because the facility was inaccessible to wheelchair users. First, the transition between the curb cut and the parking

was not smooth. Second, the path of travel from the parking posed a danger because of the broken concrete. Third, the path of travel from the sidewalk to the entrance had vertical elevations and major horizontal gaps. Encountering these elements resulted in difficulties, discomfort, and/or embarrassment. Mr. Rodgers had no choice but to call Star Restaurant to get his order to go.

15. Mr. Rodgers alleges continuous and ongoing discrimination. He has been injured by the barriers that he has encountered at Star Restaurant. He wants and plans to return to Star Restaurant, especially since it is conveniently located next to a major shopping center. Mr. Rodgers wants to be able to dine inside of Star Restaurant, but he is unable to so long as Star Restaurant continues to be inaccessible to wheelchair users, including Mr. Rodgers. He is frustrated and anxious for Defendants to remove barriers to access and provide reasonable modification in policies, practices, and procedures so that he may have full and equal access to Star Restaurant.

16. The barriers described above are only those that Plaintiff personally encountered. Before filing this lawsuit, Plaintiff's legal representative also had a CASp-certified access consultant do an informal investigation of Star Restaurant. While he could not make detailed measurements, he confirmed the barriers encountered by Plaintiff and also determined that Star Restaurant was also inaccessible in multiple other ways to Plaintiff, including, but not limited to, the following:

- No tow away sign
- Designated access aisle is not painted blue
- No "no parking" in designated access aisle
- No $250 penalty sign in parking
- ISA on parking is faded
- Door from parking does not have clear space
- Door from parking has excessive slopes at pull side
- Door from parking has broken tiles by threshold
- Door from parking closes too fast

- Door from parking exceeds 5 lbs of operating pressure
- No directional signage at connection to sidewalk
- Booth seating does not provide 5% accessible seating
- Cashier counter is over 34 inches in height
- Customer bathroom door is too heavy
- Customer bathroom door closes too fast
- Side grab bar in bathroom over 12 inches from back wall
- Side grab bar in bathroom less than 42 inches long
- Side grab bar in bathroom protrudes into clear space
- WC activator at short side
- Pipes under sink in bathroom are not protected
- Excessive slopes inside bathroom by drainage
- Drain in bathroom is sunk over 1/4 inch
- Seat cover dispenser in bathroom over 40 inch reach
- Seat cover dispenser in bathroom does not have clear space in front of it

These barriers to access are listed without prejudice to Plaintiff citing additional barriers to access after inspection by Plaintiff's access consultant, per the 9th Circuit's standing standards under *Doran v. 7-Eleven, Inc.* 524 F.3d 1034 (9th Cir. 2008), *Chapman v. Pier One Imports (USA), Inc.,* 631 F.3d 939 (9th Cir. 2011), and the General Order 56 requirements for Northern District of California "ADA" Title III cases.

17.     Plaintiff alleges that it would be a futile gesture to provide notices of violations relating to has continued, attempted visits and/or deterrence, which are certain to occur on a regular basis following the filing of this Complaint. Therefore, Plaintiff will seek to supplement this Complaint at the time of trial as to subsequent events, according to proof.

18.     Defendants knew, or should have known, that these elements and policies rendered Star Restaurant inaccessible, violate state and federal law, and interfere with and/or deny access to individuals with similar mobility disabilities. Upon information and belief, Defendants have the

financial resources to remove these barriers and make Star Restaurant accessible to the physically disabled. To date, however, Defendants refuse to remove those barriers or to provide full and equal access to Star Restaurant.

19. As a result of Defendants' actions and failures to provide disabled access, Plaintiff suffered a denial of his civil rights, psychological and emotional discomfort, and denial of rights to full and equal access to public accommodations, all to his general, special, and statutory damages. On each such denial of access, Plaintiff has encountered barriers to full and equal access which have caused him difficulty, discomfort, and embarrassment. Plaintiff has been required to seek legal assistance, and seeks statutory attorney fees, litigation expenses, and costs, pursuant to federal and state law.

20. Plaintiff's goal in this suit is a positive one: to make Star Restaurant fully accessible to persons with similar mobility disabilities.

### FIRST CLAIM:
### VIOLATION OF THE ADA, TITLE III
### [42 USC §§ 12101 et seq.]

21. Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the allegations contained in all paragraphs of this Complaint and incorporates them herein as if separately repled.

22. Plaintiff was at all times relevant herein a qualified individual with a disability as defined by the ADA, as he has impairments that substantially limit one or more major life activities.

23. Plaintiff has reasonable grounds for believing he will be subjected to discrimination each time that he may attempt to access and use the subject facilities.

24. The subject property and facility are among the "private entities," which are considered "public accommodations" for purposes of Title III of the ADA. 42 U.S.C. § 12181(7)(B).

25. The acts and omissions of Defendants set forth herein were in violation of Plaintiff's rights under the ADA and the regulations promulgated thereunder, 28 C.F.R. Part 36, et seq.

26. Plaintiff alleges on information and belief that Star Restaurant was designed and constructed (or both) after January 26, 1993 -- independently triggering access requirements under Title III of the ADA. Here, Defendants violated the ADA by designing and/or constructing Star Restaurant in a manner that did not comply with federal and state disability access standards even though it was practicable to do so.

27. The removal of each of the barriers complained of by Plaintiff as herein alleged, were at all times herein mentioned "readily achievable" under the standards §§12181 and 12182 of the ADA.

28. As noted throughout this Complaint, removal of each and every one of the architectural barriers complained of herein was also required under California law.

29. Plaintiff alleges on information and belief that Star Restaurant was modified after January 26, 1993. Any alterations, structural repairs or additions since January 26, 1993 have independently triggered requirements for removal of barriers to access for disabled persons per § 12183 of the ADA.

30. Defendants have discriminated against Plaintiff in violation of Title III of the ADA by: (a) providing benefits to Star Restaurant that are unequal to that afforded to people without disabilities by precluding people with mobility disabilities from dining inside of Star Restaurant and not providing other accessible features; (b) failing to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford (and would not fundamentally alter the nature of) the goods, services, facilities, privileges, advantages, or accommodations of Star Restaurant to individuals with disabilities; (c) failing to remove architectural barriers that are structural in nature in existing facilities where such removal is readily achievable; and (d) where Defendants can demonstrate the removal of architectural barriers is not readily achievable, failing to make the goods, services, facilities, privileges, advantages, or accommodations of Star Restaurant available through alternative methods if such methods are readily achievable. On information and belief, as of the date of Plaintiff's most recent visit to Star Restaurant and as of the filing of this Complaint, the subject premises have

denied and continue to deny full and equal access to Plaintiff and to other similarly mobility disabled persons in other respects, which violate Plaintiff's rights to full and equal access and which discriminate against him on the basis of his disability, thus wrongfully denying to him the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations, in violation of §§ 12182 and 12183 of the ADA. The ability to enter inside of the building at Star Restaurant is a fundamental necessity. Without this ability, Plaintiff is unable to available himself of the goods and services offered at Star Restaurant on a full and equal basis. Therefore, the benefits of creating access to Star Restaurant's interior does not exceed the costs of readily achievable barrier removal. These costs are fundamental to doing business, like any other essential function of operating a public accommodation. It is thus readily achievable to remove these barriers. Furthermore, these are the types of barriers identified by the Department of Justice as presumably readily achievable to remove, and, in fact, these barriers are readily achievable to remove.

31. Pursuant to the ADA, 42 U.S.C. 12188 et seq., Plaintiff is entitled to the remedies and procedures set forth in § 204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as he is being subjected to discrimination based on disability in violation of the ADA or has reasonable grounds for believing that he is about to be subjected to discrimination.

32. Plaintiff seeks relief pursuant to remedies set forth in § 204(a) of the Civil Rights Act of 1964, 42 USC 2000(a)-3(a), and pursuant to Federal Regulations adopted

WHEREFORE, Plaintiff requests relief as outlined below.

## SECOND CLAIM:
## VIOLATION OF THE UNRUH CIVIL RIGHTS ACT
### [Cal. Civil Code §§ 51 et seq.]

33. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all paragraphs of this Complaint and incorporates them herein by reference as if separately repled hereafter.

34. Star Restaurant is a business establishment within the meaning of the Unruh Act.

35. Defendants are the owners and operators of the business establishment.

36. Defendants violated the Unruh Act by their acts and omissions, as follows:

    a. Failure to construct and/or alter Star Restaurant in compliance with state building code and state architectural requirements;

    b. Failure to remove known barriers to access at Star Restaurant;

    c. Failure to modify policies and procedures as necessary to ensure Plaintiff full and equal access to the accommodations, advantages, facilities, privileges, and/or services of Star Restaurant; and

    d. Violation of the ADA, a violation of which is a violation of the Unruh Act. Cal. Civil Code § 51(f).

37. Plaintiff has experienced barriers to access at Star Restaurant, all of which have caused him major difficulty, discomfort and embarrassment. Plaintiff suffered mental and emotional damages, including statutory and compensatory damages, according to proof.

38. Further, on information and belief, Star Restaurant and its respective premises are also illegally inaccessible in multiple other respects. As noted above, the barriers to access described in this Complaint are listed without prejudice to Plaintiff citing additional barriers to access after inspection by Plaintiff's access consultant(s)/expert(s).

39. These barriers to access render Star Restaurant and its premises inaccessible to and unusable by persons with mobility disabilities. All facilities must be brought into compliance with all applicable federal and state code requirements, according to proof. Plaintiff prays for leave to amend this Complaint, if necessary, to obtain full injunctive relief as to those barriers that limit or deny full and equal access to persons with similar mobility disabilities.

40. Each violation of the ADA constitutes a separate and distinct violation of California Civil Code § 51(f), thus independently justifying an award of damages and injunctive relief pursuant to California law, including but not limited to Civil Code § 52(a).

41. With respect to Defendants' violations of the Unruh Act that are not predicated on violations of the ADA, Defendants' behavior was intentional: they were aware of and/or were

made aware of their duties to remove barriers that prevent persons with mobility disabilities like Mr. Rodgers from obtaining full and equal access to Star Restaurant. Defendants' discriminatory practices and/or policies that deny full enjoyment of Star Restaurant to persons with physical disabilities indicate actual and implied malice and conscious disregard for the rights of Mr. Rodgers and other similarly disabled individuals. Accordingly, Defendants have engaged in willful affirmative misconduct in violating the Unruh Act.

42. On information and belief, the access features of Star Restaurant have not been improved since Plaintiff's visit there. Plaintiff's injuries are ongoing so long as Defendants do not modify their policies and procedures and provide fully accessible facilities for Plaintiff and other persons with similar mobility disabilities.

43. At all times herein mentioned, Defendants knew, or in the exercise of reasonable diligence should have known, that their barriers, policies and practices at its facilities violated disabled access requirements and standards and had a discriminatory impact upon Plaintiff and upon other persons with similar mobility disabilities, but Defendants failed to rectify the violations, and presently continue a course of conduct in maintaining barriers that discriminate against Plaintiff and similarly situated disabled persons.

WHEREFORE, Plaintiff requests relief as outlined below.

### THIRD CLAIM:

### VIOLATION OF THE CALIFORNIA HEALTH AND SAFETY CODE

**[Cal. Health and Safety Code §§19955 et seq.]**

44. Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the allegations contained in all paragraphs of this Complaint and incorporates them herein as if separately repled.

45. Health & Safety Code §19955 provides in pertinent part:

> The purpose of this part is to ensure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code. For the purposes of this part "public accommodation or facilities" means a

11

building, structure, facility, complex, or improved area which is used by the general public and shall include auditoriums, hospitals, theaters, restaurants, hotels, motels, stadiums, and convention centers. When sanitary facilities are made available for the public, clients or employees in such accommodations or facilities, they shall be made available for the handicapped.

46. Health & Safety Code §19956, which appears in the same chapter as §19955, provides in pertinent part, "accommodations constructed in this state shall conform to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code … ." Health & Safety Code §19956 was operative July 1, 1970, and is applicable to all public accommodations constructed or altered after that date.

47. On information and belief, portions of Star Restaurant and/or of the building(s) were constructed and/or altered after July 1, 1970, and substantial portions of Star Restaurant and/or the building(s) had alterations, structural repairs, and/or additions made to such public accommodations after July 1, 1970, thereby requiring Star Restaurant to be subject to the requirements of Part 5.5, §19955, *et seq.,* of the Health & Safety Code upon such alteration, structural repairs or additions per Health & Safety Code §19959.

48. Pursuant to the authority delegated by Government Code §4450, et seq, the State Architect promulgated regulations for the enforcement of these provisions. Effective July 1, 1982, Title 24 of the California Building Standards Code adopted the California State Architect's Regulations and these regulations must be complied with as to any alterations and/or modifications of Star Restaurant and/or the building(s) occurring after that date. Construction changes occurring prior to this date but after July 1, 1970 triggered access requirements pursuant to the "ASA" requirements, the American Standards Association Specifications, A117.1-1961.

49. On information and belief, at the time of the construction and modification of said building, all buildings and facilities covered were required to conform to each of the standards and specifications described in the American Standards Association Specifications and/or those contained in the California Building Code.

50. Star Restaurant is a "public-accommodations or facilities" within the meaning of

Health & Safety Code §19955, *et seq.*

51. As a result of the actions and failure to act of Defendants, and as a result of the failure to provide proper and legally accessible public facilities, Plaintiff was denied Plaintiff's right to full and equal access to public facilities and suffered a loss of civil rights and rights as a person with physical disabilities to full and equal access to public facilities.

WHEREFORE, Plaintiff requests relief as outlined below.

**PRAYER FOR RELIEF:**

1. Plaintiff has no adequate remedy at law to redress the wrongs suffered as set forth in this Complaint. Plaintiff has suffered and will continue to suffer irreparable injury as a result of the unlawful acts, omissions, policies, and practices of Defendants as alleged herein, unless Plaintiff is granted the relief he requests. Plaintiff and Defendants have an actual controversy and opposing legal positions as to Defendants' violations of the laws of the United States and the State of California. The need for relief is critical because the rights at issue are paramount under the laws of the United States and the State of California.

2. Plaintiff requests a declaratory judgment that Defendants' actions, omissions, and failures -- including but limited to: failing to remove known architectural barriers at Star Restaurant so as to make the facilities "accessible to and useable by" mobility disabled persons; failing to construct and/or alter Star Restaurant in compliance with federal access standards, state building code, and state architectural requirements; and failing to make reasonable modifications in policy and practice for Plaintiff and other persons with similar mobility disabilities.

3. Plaintiff requests that the Court issue an order enjoining Defendants, their agents, officials, employees, and all persons and entities acting in concert with them:

    a. From continuing the unlawful acts, conditions, and practices described in this Complaint;

      b. To provide reasonable accommodation for persons with disabilities in all its programs, services and activities at Star Restaurant;

      c. To ensure that persons with disabilities are not denied the benefits of, or participation in, programs, services, and activities at Star Restaurant;

      d. To modify the above-described facilities to provide full and equal access to persons with mobility disabilities, including without limitation, the removal of all barriers to access where "readily achievable;"

      e. To maintain such accessible facilities once they are provided;

      f. To train Defendants' employees and agents in how to accommodate the rights and needs of physically disabled persons at Star Restaurant; and

      g. To implement nondiscriminating protocols, policies, and practices for accommodating persons with mobility disabilities at Star Restaurant.

4. Plaintiff requests that the Court retain jurisdiction over Defendants until the Court is satisfied that Defendants' unlawful policies, practices, acts and omissions, and maintenance of inaccessible public facilities as complained of herein no longer occur, and cannot recur;

5. Plaintiff requests all appropriate damages, including but not limited to statutory, compensatory, and treble damages in an amount within the jurisdiction of the Court, all according to proof;

6. Plaintiff requests all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding as provided by law, including but not limited to the ADA, 42 U.S.C. § 12205; the Unruh Act, California Civil Code § 52; and "public interest" attorney fees, litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure § 1021.5.

7. Plaintiff requests prejudgment interest pursuant to California Civil Code § 3291;

8. Plaintiff requests interest on monetary awards as permitted by law; and

9. Plaintiff requests such other and further relief as this Court may deem just and proper.

Dated: June 23, 2022         /s/ *Irakli Karbelashvili*
                             Irakli Karbelashvili, Attorney for Plaintiff
                             JOHN RODGERS

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated: June 23, 2022         /s/ *Irakli Karbelashvili*
                             Irakli Karbelashvili, Attorney for Plaintiff
                             JOHN RODGERS